12UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **RONALD L. MILLER, JR.,** | **CIVIL ACTION NO. 6:23-02-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **USAA GENERAL INDEMNITY COMPANY,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on the plaintiff Ronald L. Miller, Jr.'s motion to remand (DE 12.) For the following reasons, the Court will deny the motion, vacate the order adding a nondiverse defendant, and give the parties an opportunity to brief whether the Court should deny or permit joinder of the nondiverse defendant under 28 U.S.C. § 1447(e).

Miller initially filed this action in Laurel Circuit Court. He asserted claims against only his own insurance company, USAA General Indemnity Company. In his complaint, Miller asserted that he was injured in a car wreck that was caused by the negligence of the driver of a second vehicle, Cheryl R. Wynn. Miller explained in the complaint that Wynn was insured by Progressive Insurance Company, which had agreed to settle with Miller for the policy limits of Wynn's policy.

But Miller alleges that his damages exceeded the $25,000 available under Wynn's policy. Thus, he asserted a claim for underinsured motorist (UIM) coverage benefits under his USAA

policy. Miller alleges that his USAA policy provides up to $200,000 in UIM coverage. USAA, however, denied Miller's claim. Miller then filed a complaint in Laurel Circuit Court asserting a claim against USAA for amounts due under the UIM coverage and also asserting claims for statutory and common law bad faith and for violations of the Kentucky Consumer Protection Act.

USAA removed the action to this Court, asserting that federal jurisdiction over the action exists under 28 U.S.C. § 1332(a)(1), which provides that this Court has jurisdiction over disputes between citizens of different states when the amount in controversy exceeds $75,000. USAA asserts that it is a Texas citizen and that plaintiff Miller is a Kentucky citizen. USAA also asserts that the amount in controversy exceeds $75,000 because Miller has demanded the full $200,000 policy limit for UIM coverage and is also asserting a claim for punitive damages. There is no dispute that this Court had diversity jurisdiction at the time of removal.

After the case was removed, however, Miller moved under Federal Rules of Civil Procedure 15 and 21 (DE 8) to add Wynn, the driver of the second vehicle involved in the wreck, as a defendant. Miller stated in the motion that USAA did not object to Wynn's joinder. With the motion, Miller submitted an Agreed Order signed by plaintiff's counsel and defense counsel, which granted Miller leave to amend the complaint to join Wynn. The motion did not state that Wynn was a Kentucky citizen or that Wynn's joinder as a defendant would destroy diversity jurisdiction. The Court entered the Agreed Order (DE 10), and the Amended Complaint was filed in the record (DE 11). With the Amended Complaint, Miller asserts the same claims against USAA as he had asserted in the original complaint. He also asserts a negligence claim against Wynn.

The Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires "complete" diversity,

2

meaning that each plaintiff's citizenship has to be different than each defendant's citizenship. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Amended Complaint alleges that Wynn is a *resident* of Laurel County, Kentucky. After the amended complaint was filed in the record, Wynn moved to remand the action to state court, arguing that complete diversity no longer exists in the case.

For purposes of diversity jurisdiction, "citizenship" means "domicile," not mere "residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id*. Thus, USSA is correct that Miller's allegation that Wynn *resides* in Kentucky is not sufficient to allege that she is a Kentucky citizen. Nevertheless, to determine citizenship for purposes of the Court's diversity jurisdiction, the Court may look, not only to the pleadings, but to other parts of the record. *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002); *Presley v. JP/Politikens Hus*, No. 13-2191-JTF-CGC, 2014 WL 763408, at *11 (W.D. Tenn. Feb. 24, 2014) (quoting *Wolfe v. Hartford Life & Annuity Ins. Co*., 148 U.S. 389, 389 (1893)).

With his reply brief, Miller submits various papers that show Wynn has a Kentucky driver's license, she has listed Kentucky as her address in police and court records since 1999, and she went to high school in Kentucky and studied at Eastern Kentucky University. As the defendant removing a case to federal court, USAA has the burden of proving diversity jurisdiction. *Vill. Of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996)). USAA does not allege or offer any evidence that Wynn's domicile is somewhere other than Kentucky. Accordingly, Miller has

3

sufficiently established that Wynn is a Kentucky citizen for purposes of the Court's diversity jurisdiction.

USAA argues that, even if Wynn is a Kentucky citizen, this Court still has jurisdiction over this action because Wynn was "fraudulently joined." The fraudulent joinder doctrine acts as an exception to the complete diversity requirement. *Coyne v. Am. Tobacco Co*., 183 F.3d 488, 493 (6th Cir.1999). If the Court finds that a defendant was "fraudulently joined" to an action, then that defendant's joinder will not destroy diversity jurisdiction. *Id*. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*. If there is a "colorable basis for predicting that a plaintiff may recover" against a nondiverse defendant, this Court must remand the action to state court. *Id*.

The doctrine clearly applies to nondiverse defendants named in a state court action *before* removal. If those defendants were fraudulently joined, then the diverse defendants can remove the action, and this Court would ignore the nondiverse defendants' citizenship for purposes of determining whether diversity jurisdiction exists.

As to whether the doctrine applies to defendants added to an action *after* removal, however, the Courts of Appeals that have addressed the issue have determined that it does not. *See Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022) ("Fraudulent joinder doctrine does not apply to party additions that occur *after* a valid removal . . . . "); *Borden v. Allstate Ins. Co*., 589 F.3d 168, 171 (5th Cir. 2009) ("[O]nce a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, the court loses subject matter jurisdiction, and remand is required pursuant to 28 U.S.C. § 1447(e).") (internal brackets and quotations omitted); *Schur v. L.A. Weight Loss Centers, Inc*., 577 F.3d

4

752, 764 (7th Cir. 2009) ("[A]lthough the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under § 1447(e)."); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("Since the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction—including after the case has been removed.")

This makes sense because, when a nondiverse defendant is added in state court before removal, the federal district court has no opportunity to address whether the joinder was appropriate other than after the fact through the doctrine of fraudulent joinder. After a proper removal, however, this Court has jurisdiction over the case and, when the plaintiff seeks to add a nondiverse defendant, 28 U.S.C. § 1447(e) specifically provides that the Court can either "deny joinder, or permit joinder and remand the action to the State court."

The motion to join Wynn, however, did not raise § 1447(e) or point out that Wynn was a nondiverse defendant whose joinder would destroy diversity jurisdiction. "Several courts hold, when a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009) (citing *Faye v. High's of Baltimore*, 541 F.Supp.2d 752, 756–58 (D.Md. 2008) (listing cases)). In *Bailey*, the plaintiff moved to amend his complaint to add additional defendants. Like this case, the motion did not notify the district court that the amendment would destroy the court's diversity jurisdiction by adding a nondiverse defendant. The Eighth Circuit determined that, in those circumstances, "[w]hen the district court discovered that joinder defeated diversity jurisdiction, the court had discretionary authority to reconsider and

reverse its previous joinder decision." *Bailey*, 563 F.3d at 307.

The Seventh Circuit has ruled similarly. In *Schur*, the magistrate judge granted the plaintiff's motion to amend the complaint, which added nondiverse parties. The defendants did not object to the motion. Nor did they object to the magistrate judge's ruling. Similar to this case, no one raised jurisdiction until the plaintiff filed a motion to remand and, in response, the defendants asserted fraudulent joinder. The district court determined that the plaintiffs had not sufficiently stated a claim against the nondiverse defendants, struck the amended complaint, and denied the motion to remand. On appeal, the Seventh Circuit determined that the district judge was not precluded from reconsidering the magistrate judge's order on its own accord. *Schur*, 577 F.3d at 761. This was primarily because the plaintiff's motion did not state the nondiverse defendants' citizenship or raise the jurisdictional implications of adding them. *Id*

In *Mayes*, the Fourth Circuit stated in a footnote, that, where the plaintiff filed an amended complaint under Rule 15(a) without leave of court, the district court could later properly determine whether the nondiverse defendant was an appropriate party pursuant to § 1447(e). *Mayes*, 198 F.3d at 462, n.11. This was because "no party raised the fact that [the nondiverse defendant] was not diverse" and "the district court had no prior opportunity to pass upon the propriety of the [nondiverse defendant's] joinder." *Id*.

In support of this ruling, the Fourth Circuit cited the Fifth Circuit's opinion in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). In that case, after the defendants removed the action to federal court citing diversity jurisdiction, the plaintiff moved to amend her complaint to add a nondiverse defendant. The plaintiff did not, however, move to remand, and no party ever raised with the district court the issue that diversity jurisdiction no longer existed. The district court ultimately granted summary judgment to the defendants. For the first time on appeal, the

6

plaintiff challenged the district court's subject matter jurisdiction due to the nondiverse defendant.

The Fifth Circuit determined that the district court did not have subject matter jurisdiction to enter the summary judgment ruling. *Id*. at 1181. Of most relevance to this motion, however, the Fifth Circuit vacated not only the summary judgment ruling but also the order permitting the addition of the nondiverse defendant. *Id*. In doing so, the court noted that the record indicated that neither the parties nor the district court had considered the jurisdictional issues of adding a nondiverse defendant. *Id*. The Fifth Circuit then remanded the matter to the district court to balance the equities and determine whether the joinder of the nondiverse party was proper. *Id*. Later, in *Borden*, the Fifth Circuit stated that a district court faced with the improper joinder of a nondiverse defendant can either deny joinder in the first place or vacate its order of joinder. *Borden*, 589 F.3d at 172.

Accordingly, the Court will vacate the Agreed Order adding Wynn as a defendant. The Court will also give Miller leave to file another motion to add Wynn as a defendant. Because Wynn's addition as a defendant would destroy this Court's diversity jurisdiction, 28 U.S.C. § 1447(e) will govern the Court's decision whether to permit the amendment. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc*., 654 F. App'x 218, 221 (6th Cir. 2016). Under § 1447(e), the Court must consider; "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Id*. (citing *Bailey*, 563 F.3d at 309; *Mayes*, 198 F.3d at 462–63).

For these reasons, the Court hereby ORDERS as follows:

1) The Court's Agreed Order (DE 10) is VACATED;

7

2)  The First Amended Complaint (DE 11) is STRICKEN from the record; and

3)  Plaintiff is GRANTED leave to file a renewed motion to add Wynn as a defendant to this

    action. Any such motion must be filed within 30 days from the entry date of this order.

    Response and reply briefs may be filed pursuant to the Local Rules.

This 16th day of June, 2023.


KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY